**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MARCUS RUSHING,

       Plaintiff,

v.

THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY; WOOD COUNTY HOSPITAL; WOOD HEALTH COMPANY, LLC; INDEPENDENCE HEALTH EMPLOYER SERVICES, LLC; THE TOLEDO CLINIC; SIGNIFY HEALTH, INC.; THE HUNTINGTON NATIONAL BANK; HUNTINGTON BANCSHARES INCORPORATED; THE U.S. BANK NATIONAL ASSOCIATION; THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS; THE ILLINOIS ATTORNEY REGISTRATION & DISCIPLINARY COMMISSION; THE STATE OF ILLINOIS JUDICIAL INQUIRY BOARD; THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION; THE ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES; HUSCH BLACKWELL, LLP; SCOTT WARNER; JULIE GARABEDIAN; ROYA H. SAMARGHANDI; JANUARY FAMILY LAW, LLC; JOERIKA STITT; HENDERSON BANKS; AL HOFELD, JR., *Esq.*; PAUL STRAUS; MICHAEL FORTI; MICHAEL DAVI; DAVID HARACZ; RUSSELL D. KNIGHT; FRUMM & FRUMM; TAEGE LAW OFFICES; THE WILLIS LAW FIRM; KIMBERLY DODSON; RAMON MARTIN; DEAN MANDROS; THE OHIO CIVIL RIGHTS COMMISSION; RACHEL HAZELET; and STEVEN SEASLY,

       Defendants.

Civil No. 25-1957 (JRT/DJF)

**ORDER**

---

**ORDER**

Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." The complaint filed by Plaintiff Marcus Rushing in this matter alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship of the parties. (*See* Complaint at 6, May 1, 2025, Docket No. 1.) The Court concludes it lacks such jurisdiction for at least three reasons. First, Rushing's Complaint alleges that both he and one of the defendants to this action, defendant U.S. Bank National Association, are citizens of Minnesota. (*See id.* at 6-7.) Second, Rushing has not adequately pleaded the citizenship of several other defendants—for example, Rushing names various limited liability companies and partnerships without identifying the citizenship of the the members of those organizations. And third, the presence of various state agencies as defendants to this action thwarts complete diversity of citizenship as a basis for the Court's jurisdiction, regardless of whether any of the other defendants might be, like Rushing, a citizen of Minnesota. *See Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) ("it is well settled that a suit between a state and a citizen . . . of another state is not between citizens of different states" for the purposes of diversity jurisdiction); *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (noting that "neither a state nor a state agency [can] be a party to a diversity action") (citation omitted) (internal quotation marks omitted).

2

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Rushing received notice months ago of jurisdictional questions regarding his Complaint.  (*See* Mot. Dismiss, Jul. 2, 2025, Docket No. 18.)  He has now had ample opportunity to correct any jurisdictional defects by filing a motion to amend his complaint and a proposed amended complaint adequately establishing the Court's jurisdiction over this action.  Rushing has not filed any such motion.[1]  Rushing's initial Complaint remains the operative pleading in this matter, and that document fails to establish the Court's jurisdiction over this action.

Accordingly, this matter will be dismissed without prejudice pursuant to Rule 12(h)(3).  Each pending motion—including Rushing's various motions and any pending motions to dismiss brought by a Defendant—will be denied as moot.  It is certified that Rushing cannot appeal from the dismissal of this action in good faith and that, if Rushing were to request in forma pauperis status on appeal, his request would be

---

[1] Rushing has submitted documents indicating his intent to bring claims under federal law against certain Defendants, such as claims under 42 U.S.C. § 1983 (*see* Letter, Ex. 1, Mar. 2, 2026, Docket No. 66-1) and the Racketeer Influenced and Corrupt Organizations Act ("RICO") (*see* Notice, Oct. 15, 2025, Docket No. 45).  But Rushing has not moved to amend his Complaint in compliance with Local Rule 15.1 of this District.  Moreover, had Rushing asked to amend his complaint to include RICO or § 1983 claims, his request would have been denied.  Rushing's purported RICO claims lack an adequate factual basis to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and Rushing's § 1983 claims fail on the basis that the lone defendant against which Rushing has sought relief under § 1983, defendant McGaw Medical Center of Northwestern University, is not a "state actor" for purposes of § 1983, *see Doe v. North Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) ("Only a state actor can face § 1983 liability.").

denied on that basis.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Finally, the Court repeats the warning given to Rushing in another of the several cases he has filed recently in this District: "[R]epeatedly filing lawsuits against the same defendants about essentially the same subject matter will result in the imposition of restrictions on his ability to initiate new litigation in this District absent representation by counsel or the advance authorization of a judicial officer of this District."  *See Rushing v. McGaw Medical Center of Northwestern University*, Civ. No. 25-3909, Docket No. 13 at 15 (D. Minn. Feb. 11, 2026).

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.    Rushing's Complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2.    Each pending motion (Docket Nos. [11], [18], [41], [44], [47], [50], [68], [69], & [70]) is **DENIED as moot**.

3.    It is certified that an appeal cannot be taken in good faith from the dismissal of this matter and that any application to proceed in forma pauperis on appeal by plaintiff Marcus Rushing will be denied on that basis.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 4, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
Judge
United States District Court