**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MARCUS RUSHING,

    Plaintiff,

v.

MCGAW MEDICAL CENTER OF
NORTHWESTERN UNIVERSITY, et al.,

    Defendants.

Civil No. 25-CV-1957 (JRT/DJF)

**ORDER**

---

Judgment was entered in this case on March 5, 2026.  (*See* Docket No. 75.)  On March 30, 2026, plaintiff Marcus Rushing submitted an Amended Complaint.  (*See* Docket No. 76.)  Rushing also filed an Application to Proceed In Forma Pauperis ("IFP"), and a motion for service of process to be carried out on his behalf in this matter.  (*See* Docket Nos. 77 & 78.)  For several reasons, the Court will deny all pending motions.

Under the Federal Rules of Civil Procedure, although a litigant may amend their pleading once as a matter of course in the earliest phrases of litigation, *see* Fed. R. Civ. P. 15(a)(1), "'[t]he right under Rule 15(a) to amend "once as a matter of course" is lost after the entry of judgment.'"  *Paganis v. Blonstein*, 3 F.3d 1067, 1072-73 (7th Cir. 1993) (quoting *Twohy v. First National Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985)).  After judgment has been entered, a litigant must seek permission of the Court to amend the complaint.  In the District of Minnesota, a litigant must seek permission to amend the

complaint in a manner consistent with the Local Rules, which require that the proposed amendment be accompanied by a document "that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading."  D. Minn. L.R. 15.1(b).

Rushing did not request permission to file an amended complaint, and the Amended Complaint he filed was not accompanied by a document showing how the proposed amended complaint differs from the original complaint.  Accordingly, the filing of that document lacked any legal effect, and this case remains dismissed for lack of jurisdiction.  Because there is no need for service of process to be effected with respect to a pleading that will not become operative, Rushing's motion for service of process to be effected on his behalf will be denied.

With respect to Rushing's IFP application, to the extent that Rushing requested IFP status while proceeding before this Court, the request is denied as moot.  To the extent that Rushing requested IFP status because he would like to pursue an appeal, his request is also denied.  The jurisdictional basis upon which this matter was dismissed cannot reasonably be put into dispute, and "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3). Moreover, it is now too late for Rushing to file a notice of appeal from the dismissal in this matter, *see* Fed. R. App. P. 4(a), and the Court will neither extend nor reopen the time for Rushing to pursue what could only be a frivolous appeal.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY ORDERED THAT**:

1.      Plaintiff Marcus Rushing's Application to Proceed In Forma Pauperis (Docket

No. [77]) is **DENIED**.

2.      Rushing's Motion for Service of the Summons (Docket No. [78]) is **DENIED**.

Dated:  May 19, 2026                                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                     JOHN R. TUNHEIM
                                                                              Judge
                                                          United States District Court